T.C. Memo. 2001-120

UNITED STATES TAX COURT

WILL L. AND RACHEL A. THOMAS, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17397-99.                          Filed May 21, 2001.

Rachel A. Thomas, pro se.

<u>Linda M. Davis</u>, for respondent.


MEMORANDUM OPINION

COUVILLION, <u>Special Trial Judge</u>: Respondent determined a
deficiency of $1,432 in petitioners' 1997 Federal income tax.[1]

The sole issue for decision is whether Social Security
disability benefits received by petitioner Will L. Thomas
(petitioner) during 1997 are includable in gross income under

---

[1]    Unless otherwise indicated, all section references are
to the Internal Revenue Code in effect for the year at issue.

section 86(a), or whether, as petitioners contend, such benefits are excludable from gross income under sections 104(a)(3) and 105(3).[2]  If the Court holds that such benefits are includable in income, petitioners contend that section 86 violates the Equal Protection Clause of the U.S. Constitution.

Some of the facts were stipulated, and those facts, with the annexed exhibits, are so found and are incorporated herein by reference.  Petitioners' legal residence at the time the petition was filed was Madison, Tennessee.

Because of a diabetic condition, petitioner was decreed totally disabled by the Social Security Administration in March 1987.  Petitioner has been receiving disability Social Security benefits since that date.  His condition necessitated that he leave his employment as an assistant terminal manager for a freight trucking company.  Petitioner Rachel A. Thomas (Mrs. Thomas) was employed in the accounting department of a corporation during 1997.

For the year 1997, petitioner received $14,097 in disability Social Security benefits.  He also received $16,740 in benefits

---

[2]     Petitioners' reference to sec. 105(3) is in error because there is no such subsection.  The Court believes, based on the arguments raised in their trial memorandum, that petitioners' reference may be to section 105(e) relating to certain types of accident or health plans or employee sickness and disability funds that are treated as accident or health insurance plans within the meaning of sec. 104.  The Court, therefore, will address petitioners' contention under sec. 105(e).

from the Hartford Life Insurance Co. These benefits were from a health and accident plan provided by petitioner's former employer.

On their Federal income tax return for 1997, petitioners included as income the wages earned by Mrs. Thomas, the Hartford Insurance Co. benefits, taxable interest income, and unemployment compensation benefits. On lines 20a and 20b of the Form 1040, U.S. Individual Income Tax Return, for Social Security benefits, no amounts were entered as income. However, the following line 21, Other Income, included a typed notation: "TP claims exemption on Disa", and the amount of $1 was entered as income.[3]

In the notice of deficiency, respondent determined that the disability Social Security benefits were subject to tax under section 86 and determined that $8,876 of those benefits was includable in gross income. No other adjustments were made by respondent to petitioners' 1997 return.

Petitioners contend that the disability Social Security benefits are a health and accident insurance benefit under

---

[3] Although petitioners did not address this entry at trial, the Court surmises that the term "Disa" on line 21 of the return was an intended synonym for disability income Social Security benefits. Since petitioners contend that such benefits are excludable from income, no explanation was advanced as to why petitioners considered $1 of such benefits includable in gross income as reported on line 21 of the return.

sections 104(a)(3) and 105(e).[4]  As such, the benefits are excludable from gross income.  The Court disagrees.

Prior to 1984, certain payments made in lieu of wages to an employee who was retired by reason of permanent and total disability were excludable from the employee's gross income under section 105(d).  However, the Social Security Act Amendments of 1983, Pub. L. 98-21, sec. 122(b), 97 Stat. 85, repealed the limited exclusion of disability payments provided by section 105(d), effective with respect to taxable years beginning after 1983.  Since 1984, Social Security disability benefits have been treated in the same manner as other Social Security benefits. See sec. 86(d)(1).[5]  These benefits are subject to tax under the provisions of section 86.  See Ernzen v. United States, 875 F.2d 228 (9th Cir. 1989); Wallers v. United States, 847 F.2d 1279 (7th Cir. 1988); Gibson v. Commissioner, T.C. Memo. 1996-140; Bradley v. Commissioner, T.C. Memo. 1991-578.

Section 61(a) provides that gross income includes all income from whatever source derived, unless excludable by a specific provision of the Code.  Moreover, section 86(a), for the year at issue, provides that gross income includes Social Security

---

[4]    See supra note 3.

[5]    Sec. 86(d)(1) defines "Social Security benefit" as amounts received under title II of the Social Security Act that include Social Security disability benefits.

benefits in an amount equal to a prescribed formula therein provided. Petitioners have not challenged the computation by respondent under this formula.

The Court rejects petitioners' contention that disability Social Security benefits constitute accident or health insurance under section 104(a)(3). The repeal by Congress of former section 105(d), which specifically provided for the exclusion from income of certain disability benefits and the enactment of section 86, with the section 86(d)(1)(A) provision that the term "Social Security benefits" includes benefits received under title II of the Social Security Act (which includes disability Social Security benefits), indicates quite clearly to the Court that Congress did not intend that disability Social Security benefits could be construed as an accident or health plan under section 104(a)(3), or that disability Social Security benefits are otherwise excludable from gross income. The Court, therefore, rejects petitioners' contention on this issue.

Petitioners' final argument is leveled at the constitutionality of section 86. Petitioners argue that, if employees of a State or territory of the United States, including the District of Columbia, are entitled to exclude from income sickness or disability benefits under accident and health plans

as provided under section 105(e),[6] "then anyone receiving Social Security disability payments prior to retirement age of 65 from the United States should also be excluded", and that "our Internal Revenue Code should apply equally to all citizens of the United States and if not, it is a violation of the Equal Protection Clause of the United States Constitution."

This Court noted in Drucker v. Commissioner, 77 T.C. 867, 872 (1981), affd. in part, revd. in part 697 F.2d 46 (2d Cir. 1982), that "No scheme of taxation, whether the tax is imposed on property, income, or purchases of goods and services, has yet been devised which is free of all discriminatory impact." Section 86 has been held not to suffer any constitutional infirmities. See Clark v. Commissioner, T.C. Memo. 1998-280, affd. without published opinion 187 F.3d 641 (8th Cir. 1999); Roberts v. Commissioner, T.C. Memo. 1998-172, affd. without published opinion 182 F.3d 927 (9th Cir. 1999). Petitioners' constitutional claim, therefore, is denied.

Decision will be entered

for respondent.

---

[6] However, such benefits generally are taxable if received from an employer-financed plan.