T.C. Memo. 2006-39

UNITED STATES TAX COURT


JACQUELINE AND THEODORE MAJOR GREEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

THEODORE MAJOR AND JACQUELINE GREEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 2475-04, 4970-05.      Filed March 9, 2006.


Jacqueline and Theodore Major Green, pro sese.

<u>Richard J. Hasserbrock</u>, for respondent.


MEMORANDUM FINDINGS OF FACT AND OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether petitioners are entitled to exclude from income Social Security benefits and deduct net operating loss (NOL) carryforwards relating to their 2000 and 2001 returns.

## FINDINGS OF FACT

From 1985 through the years in issue, Theodore Green was employed as a tax auditor for the Internal Revenue Service (IRS). His duties included examining Federal income tax returns. On November 12, 1989, Jacqueline Green sustained injuries when she was struck in a grocery store parking lot with a shopping cart operated by Rachel Perez. Mrs. Green, on November 7, 1990, sought redress for these injuries by filing a complaint against Ms. Perez in the Superior Court of Ventura County, California. Mrs. Green's injuries prevented her from continuing to work on the assembly line at General Motors (GM) and beginning in 1991, she began working as a GM decal assembler (i.e., a person who attaches invoices to automobiles). On August 27, 1991, while working as a decal assembler, she sustained additional injuries including severe back injuries requiring several surgeries and rendering her unable to work.

On August 6, 1992, Mrs. Green filed a claim for Social Security benefits, and on December 17, 1993, began receiving such benefits relating to the injuries sustained at GM. Mrs. Green also filed, with the State of California's Workers' Compensation Appeals Board, a claim against GM for these injuries. At the time of trial, however, Mrs. Green had not received any workmen's compensation benefits.

On November 12, 1996, Mrs. Green obtained a default judgment

(the judgment) against Ms. Perez for $166,013.  On March 14, 1997, Ms. Perez filed a Chapter 7 bankruptcy petition in the U.S. Bankruptcy Court, Central District of California.  Mrs. Green filed a proof of claim in Ms. Perez's bankruptcy proceeding but did not receive any funds relating to the judgment.

Petitioners, on their 1997 return, claimed a $166,013 casualty loss.  Petitioners also attached to their 1997 return a document titled "Election to Forgo The Carryback Period Under 172(b)(3) of Internal Revenue Code NOL Carryforward".  This document set forth petitioners' intention to claim an annual $11,068 (i.e., from 1997 through 2011) NOL carryforward.

Petitioners filed Forms 1040, U.S. Individual Income Tax Return, relating to 2000 and 2001.  On line 20a they reported Social Security benefits of $12,258 and $12,708, respectively. Petitioners did not, however, report these benefits as gross income on line 20b of either return.  Petitioners claimed an $11,068 NOL carryforward on line 21 of each of their 2000 and 2001 returns.

On November 10, 2003, and January 26, 2005, respectively, respondent issued petitioners a notice of deficiency relating to 2001 and 2000.  In the notice, respondent determined that the Social Security benefits were taxable and petitioners were not entitled to the NOL carryforwards.  On February 11, 2004, and March 14, 2005, petitioners, while residing in Moorpark,

California, filed their petitions relating to 2001 and 2000, respectively. On July 14, 2005, the Court granted respondent's motion to consolidate docket Nos. 2475-04 and 4970-05 for purposes of trial, briefing, and opinion.

## OPINION

Section 86[1] requires the inclusion in gross income of up to 85 percent of Social Security benefits received. See Reimels v. Commissioner, 123 T.C. 245, 247-248 (2004), affd. 436 F.3d 344 (2d Cir. 2006). In 2000 and 2001, Mrs. Green received Social Security benefits but, contrary to the mandate of section 86, did not report these benefits as gross income. Petitioners contend that the Social Security benefits paid to Mrs. Green in 2000 and 2001 were paid in lieu of workmen's compensation, and thus, pursuant to section 104, are excludable from gross income.[2] Section 104 states that gross income shall not include those "amounts received under workmen's compensation acts as compensation for personal injuries or sickness". Sec. 104(a)(1). Section 1.104-1(b), Income Tax Regs., excludes from income those payments received "under a statute in the nature of a workmen's compensation act which provides compensation to employees for

---

[1] Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years in issue.

[2] Sec. 7491(a) is applicable. Our conclusions, however, are based on a preponderance of the evidence, and thus the allocation of the burden of proof is immaterial. See Martin Ice Cream Co. v. Commissioner, 110 T.C. 189, 210 n.16 (1998).

personal injuries or sickness incurred in the course of employment."  Simply put, title II of the Social Security Act (the Act) is not "in the nature of a workmen's compensation act."  The Act allows for disability payments to individuals regardless of whether the individual was injured "in the course of employment".  See 42 U.S.C. sec. 423(d)(1)(A) (2000); cf. Norris v. Commissioner, T.C. Memo. 2001-152, affd. 46 Fed. Appx. 582 (9th Cir. 2002) (holding that a statute is not considered to be in the nature of a workmen's compensation act if it allows for disability payments for any reason other than on-the-job injuries).  Accordingly, we sustain respondent's determinations relating to the Social Security benefits.  Sec. 86(a).

Petitioners contend that they are entitled, pursuant to sections 165 and 172, to deduct losses relating to the judgment.  Section 165 allows a deduction for any loss sustained during the taxable year and not compensated for by insurance or otherwise.  Sec. 165(a).  The deduction, however, is limited to those losses incurred in a trade or business, in any transaction entered into for profit, or as a result of a fire, storm, theft, or other casualty.  See sec. 165(c)(1), (2), and (3).  Petitioners' claimed loss was not incurred in a trade or business or in a transaction entered into for profit (i.e., the injuries were incurred while shopping for groceries).  Accordingly, we sustain respondent's determinations that petitioners are not entitled to

section 165 deductions.  <u>Id.</u>  We also note that petitioners do not have a basis in the judgment.  As a result, petitioners are not entitled to a section 166 worthless debt deduction.  See sec. 166(a) and (b); sec. 1.166-1(e), Income Tax Regs.

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

<u>Decisions will be entered</u> <u>for respondent</u>.