T.C. Memo. 2007-217

UNITED STATES TAX COURT

THEODORE MAJOR GREEN AND JACQUELINE GREEN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 5216-06.                   Filed August 7, 2007.

Theodore Major and Jacqueline Green, pro sese.

<u>Gavin L. Greene</u>, for respondent.

MEMORANDUM OPINION

SWIFT, <u>Judge</u>:  This matter is before us on respondent's
motion for summary judgment under Rule 121.

Unless otherwise indicated, all section references are to
the Internal Revenue Code in effect for 2003, and all Rule
references are to the Tax Court Rules of Practice and Procedure.

The issues for decision are: (1) Whether taxable Social Security benefits petitioner Jacqueline Green received in 2003 should be treated as nontaxable workmen's compensation benefits; and (2) whether petitioners may deduct from 2003 income $11,068 relating to a $166,013 damage award judgment that Jacqueline Green never received and that has now been discharged in bankruptcy.

Hereinafter, references to petitioner in the singular are to petitioner Jacqueline Green.

## Background

At the time the petition was filed, petitioners resided in Moorpark, California. From 1985 to September 19, 2005, Mr. Green worked as a tax auditor for respondent.

## Petitioner's Social Security Benefits

Prior to November 12, 1989, petitioner worked on a General Motors assembly line.

In November of 1989 petitioner was injured while shopping for groceries. This was unrelated to her employment at General Motors Corporation (General Motors). The injury was caused by a shopping cart under the control of another person. Injuries petitioner sustained therefrom apparently prevented petitioner from further assembly line work at General Motors. Petitioner continued to work for General Motors but as a decal assembler.

On November 7, 1990, petitioner filed a lawsuit for personal injury damages against the person who was pushing the shopping cart.

On or about August 27, 1991, petitioner was involved in another accident, this time while at work at General Motors, as a result of which petitioner sustained additional injuries. Petitioner's injuries required surgery and left her unable to work.

On August 6, 1992, petitioner filed a claim for Social Security disability benefits, and on December 17, 1993, petitioner began receiving Social Security disability benefits.

In addition to her claim for Social Security disability benefits, petitioner filed a claim for California workmen's compensation benefits. The record does not reflect that petitioner ever received any benefits under her workmen's compensation claim.

On November 12, 1996, petitioner obtained a $166,013 default judgment for personal injury damages against the person who was pushing the shopping cart that injured petitioner in 1989.

On or about March 14, 1997, in a bankruptcy proceeding, the person against whom petitioner obtained the default judgment was discharged of liability to pay the $166,013 judgment petitioner had obtained, and petitioner never collected anything on the judgment. Petitioner never included any portion of the $166,013

judgment in taxable income, and the record does not establish that petitioner had any tax basis in the uncollected judgment.

On their 1997 joint Federal income tax return filed with respondent, petitioners reported as taxable $5,789 of the Social Security benefits petitioner received in 1997, and petitioners claimed a $11,068 casualty loss deduction relating to the above $166,013 uncollected judgment. Petitioners also attached to their 1997 tax return a statement that they intended to deduct the balance of the $154,946 uncollected judgment over the course of the next 15 years -- $11,068 in each year -- as a loss carryforward under section 172.

For 2003, the year at issue herein, petitioners filed a joint Federal income tax return, reported thereon $6,604 as the taxable portion of the Social Security benefits petitioner received, and claimed the $11,068 loss carryforward mentioned above relating to petitioner's 1996 $166,013 uncollected judgment.

After an audit of petitioners' 2003 Federal income tax return, on December 5, 2005, respondent mailed to petitioners a notice of deficiency reflecting a $437 tax deficiency for 2003 based on a recalculation of the portion of Social Security disability benefits petitioner received in 2003 that was taxable.

On March 4, 2006, petitioners timely mailed and postmarked a petition disputing the $437 tax deficiency respondent had determined on the ground that the entire amount petitioner received in 2003 as Social Security disability benefits should be treated as nontaxable workmen's compensation benefits under section 104(a)(1).

On June 2, 2006, respondent filed an answer alleging an increase to $2,498 in the tax deficiency determined against petitioners for 2003 on the ground that the $11,068 loss deduction petitioners claimed relating to petitioner's uncollected judgment was not allowable. Based on the disallowance of the $11,068 loss deduction and the resulting increase in petitioners' income, respondent also recalculated and increased the portion of the Social Security disability benefits petitioner received in 2003 that was taxable.

Also in his answer, respondent asserted a $499 section 6662(a) accuracy-related penalty against petitioners for 2003.

On July 19, 2006, respondent filed under Rule 37(c) a Motion for Entry of Order That Undenied Allegations in Answer Be Deemed Admitted. Petitioners did not file a reply to respondent's answer or a response to respondent's Rule 37(c) motion, and on September 20, 2006, we granted respondent's Rule 37(c) motion.

On October 23, 2006, respondent filed the instant motion for summary judgment.

## Discussion

### Summary Judgment

When no material fact remains at issue, we may grant summary judgment as a matter of law.  Rule 121(b); Fla. Country Clubs, Inc. v. Commissioner, 122 T.C. 73, 75-76 (2004), affd. on other grounds 404 F.3d 1291 (11th Cir. 2005).  Because of the parties' admissions and deemed admissions as to material facts, no material fact remains at issue.

### Social Security Benefits

Generally, taxpayers who file a joint return and receive Social Security benefits and whose modified adjusted gross income plus half of Social Security benefits received in a year exceeds $32,000 are to include in taxable income a portion of the Social Security benefits received in a year.  Sec. 86(a), (b), and (c)(1)(B).

Generally, Social Security disability benefits are taxed in the same manner as Social Security benefits.  Sec. 86(d)(1); Joseph v. Commissioner, T.C. Memo. 2003-19.

Benefits received under a workmen's compensation statute or other statute authorizing benefits in the nature of workmen's compensation may not be included in income.  See sec. 104(a)(1); McDowell v. Commissioner, T.C. Memo. 1997-500.

A statute providing for payment of benefits that are not related to an injury incurred in the course of employment is not

considered to be a statute in the nature of workmen's compensation.  Take v. Commissioner, 804 F.2d 553, 557 (9th Cir. 1986), affg. 82 T.C. 630 (1984), and T.C. Memo. 1985-388.

The Social Security Act provides for disability benefits for an injury regardless of whether the injury occurred in the course of employment.  See 42 U.S.C. sec. 423(d)(1)(A) (2000).

Petitioner's Social Security disability benefits received in 2003 were provided to petitioner under the Social Security Act. Because the Social Security Act is not a statute in the nature of workmen's compensation, petitioners must include in gross income for 2003 $11,227 of the $13,208 in Social Security disability benefits that petitioner received in 2003, as per the calculation provided under section 86.

Section 165 Deduction

Section 165(c) provides a deduction from income for taxpayers who incur an uncompensated loss relating to a trade or business, to a transaction entered into for profit, or to a casualty resulting in an uncompensated loss of property.

Petitioner's $166,013 uncollected judgment involving the shopping cart was personal in nature and had no connection with petitioner's trade or business or with a transaction entered into for profit.  Petitioner may not deduct under section 165(c)(1) or (2) any portion of petitioner's uncollected judgment.

Further, the amount of a casualty loss deduction under section 165(c)(3), which applies to property, is limited to the lesser of the reduction in fair market value as a result of the casualty or the property's adjusted tax basis. Godwin v. Commissioner, T.C. Memo. 2003-289, affd. 132 Fed. Appx. 785 (11th Cir. 2005); sec. 1.165-7(b)(1), Income Tax Regs.

Generally, adjusted basis refers to the amount paid for property increased and decreased by various adjustments such as cost of improvements and depreciation. Secs. 165(b), 1011(a), 1016; secs. 1.1011-1, 1-1012-1(a), Income Tax Regs.

The above tax basis limitation set forth in the regulations prevents petitioners herein from obtaining a casualty loss deduction relating to petitioner's uncollected judgment. Petitioner did not include any portion of the $166,013 uncollected judgment in income and did not establish any tax basis therein. No section 165(c)(3) loss deduction is allowable with respect thereto.

In consolidated docket Nos. 4970-05 and 2475-04, petitioners litigated before us for 2000 and 2001 the same issues raised herein. We held that petitioner's Social Security disability benefits are taxable and that petitioners may not deduct under section 165(c)(1) or (2) any portion of the $166,013 uncollected judgment. See Green v. Commissioner, T.C. Memo. 2006-39. Petitioners' appeal thereof is currently pending in the U.S. Court of Appeals for the Ninth Circuit.

Accuracy-Related Penalty

Under sections 6662(a) and (b)(1), a taxpayer who has an underpayment of tax may be liable for a penalty of 20 percent of the underpayment of tax attributable to negligence or disregard of the Federal income tax rules or regulations.

"[D]isregard of rules and regulations" includes careless, reckless, or intentional disregard of rules and regulations. Sec. 6662(c).

Respondent bears the burden of proof in connection with the section 6662(a) penalty. Rule 142(a). Respondent has met his burden of proof.

In light of Mr. Green's work as a tax auditor for respondent and in light of the relatively straightforward adjustments we sustain herein, we sustain respondent's imposition of the $499 accuracy-related penalty.

For the reasons stated, we shall grant respondent's motion for summary judgment.

An appropriate order and decision will be entered for respondent.