JOHN TED BAREFIELD, Petitioner, v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Barefield v. Comm'r
Docket No. 5525-11
United States Tax Court
2011 U.S. Tax Ct. LEXIS 61; 2013-1 U.S. Tax Cas. (CCH) P50,105; September 27, 2011, Decided
*61 Lewis R. Carluzzo, Special Trial Judge.
Lewis R. Carluzzo
ORDER
This case for the redetermination of a deficiency is before the Court on Respondent's Motion for Summary Judgment, filed July 22, 2011. Petitioner's objection to respondent's motion was filed August 25, 2011.
The facts relied upon by respondent in support of his motion are not in dispute and easily summarized. In a notice of deficiency dated December 13, 2010 (the notice), respondent determined a $5,953 deficiency in petitioner's 2008 Federal income tax. According to the notice, petitioner failed to include $1,353 of qualified dividends and $21,889 of Social Security benefits in the income reported on his 2008 Federal income tax return. These are the only adjustments giving rise to the deficiency determined in the notice.
Respondent now concedes the adjustment relating to qualified dividend income. Consequently, the only issue that remains in dispute is whether the Social Security benefits petitioner received during 2008 are includable in his income for that year.
Petitioner agrees that he received the Social Security benefits as shown in the notice. Nevertheless, in his objection to respondent's motion, he takes the position *62 that the Social Security benefits that he received were paid as disability benefits rather than old age insurance benefits. According to petitioner, this makes a difference, and the factual dispute between he and respondent over the characterization of the benefits operates to deny disposition by summary judgment.
Summary judgment is intended to expedite litigation and avoid unnecessary and expensive trials. Fla. Peach Corp. v. Commissioner, 90 T.C. 678, 681 (1988). Summary judgment may be granted with respect to all or any part of the legal issues in controversy "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law." Rule 121(b);[1] see Sundstrand Corp. v. Commissioner, 98 T.C. 518, 520 (1992), affd. 17 F.3d 965 (7th Cir. 1994); Zaentz v. Commissioner, 90 T.C. 753, 754 (1988); Naftel v. Commissioner, 85 T.C. 527, 529 (1985). The moving party bears the burden of proving that there is no genuine issue of material fact. Dahlstrom v. Commissioner, 85 T.C. 812, 821 (1985); Jacklin v. Commissioner, 79 T.C. 340, 344 (1982). *63 Facts are viewed in the light most favorable to the non-moving party. Sundstrand Corp. v. Commissioner, supra.However, where a motion for summary judgment has been properly made and supported by the moving party, the opposing party may not rest upon mere allegations or denials contained in that party's pleadings but must, by affidavits or otherwise, set forth specific facts showing that there is a genuine issue for trial. Rule 121(d).
Gross income is defined as all income form whatever source derived unless otherwise excluded by the Internal Revenue Code. Sec. 61(a). Section 86 requires the inclusion in gross income of up to 85 percent of Social Security benefits received.[2] *64 See Reimels v. Commissioner, 123 T.C. 245, 247-248 (2004), affd. 436 F.3d 344 (2nd Cir. 2006); Green v. Commissioner, T.C. Memo 2006-39. Social security benefits are defined as any amount received by the taxpayer by reason of entitlement to a monthly benefit under title II of the Social Security Act. Sec. 86(d) (1) (A).
To the extent there is a factual dispute between the parties regarding the proper characterization of the Social Security benefits, the disputed fact is not material. For purposes of section 86, it matters not whether the Social Security benefits were received as disability benefits or old age insurance benefits. Starting in 1984, Social Security disability benefits are treated in the same manner as other Social Security benefits and are subject to tax pursuant to section 86. Thomas v. Commissioner, T.C. Memo 2001-120; Bradley v. Commissioner, T.C. Memo 1991-578.
Petitioner received the Social Security benefits here in dispute and nothing in the record suggests that respondent has improperly calculated the portion of those benefits includable in his 2008 income. Because there are no genuine issues as to any material fact, and because respondent is entitled to decision as a matter of law respondent's motion will be granted.
The foregoing considered, and for the reasons set forth in respondent's motion, it is
ORDERED that, respondent's *65 motion is granted. To reflect respondent's concession, and the proper treatment of the $876 of "attorneys fees" included in the Social Security benefits received by petitioner during the year in issue, it is further
ORDERED that decision will be entered pursuant to computations for entry of decision due from the parties on or before November 4, 2011.
(Signed) Lewis R. Carluzzo
Special Trial Judge
Dated: Washington, D.C.
September 27, 2011
Footnotes
1. Rule references are to the Tax Court Rules of Practice and Procedure, available on the Internet at www.ustaxcourt.gov↩. Section references are to the Internal Revenue Code of 1986, as amended.
2. Petitioner actually received $25,752 of Social Security benefits during 2007. Under the circumstances, however, only a portion of that amount is includable in his income.