T.C. Memo. 2016-23

UNITED STATES TAX COURT

DEBRA ROSE THERESA BARBATO AND MICHAEL JAMES BARBATO,
Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 17306-13.                          Filed February 16, 2016.

Debra Rose Theresa Barbato and Michael James Barbato, pro sese.

<u>Fred Edward Green, Jr.</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

BUCH, <u>Judge</u>:  In 2011 Debra Barbato received a $70,000 award for

emotional distress caused by her employer's discrimination.  Section 104(a)(2)[1]

_____

[1]Unless otherwise indicated, all section references are to the Internal
Revenue Code (Code) in effect for the year in issue, and all Rule references are to

(continued...)

**[\*2]** provides an exclusion from gross income for damages received for personal physical injury or physical sickness. Damages received for emotional distress are not excludable from gross income unless they are for medical care attributable to emotional distress.[2] Because the damages Ms. Barbato received were specifically for emotional distress caused by her employer's discriminatory conduct, they cannot be excluded from gross income.

## FINDINGS OF FACT

I.      Ms. Barbato's USPS Employment and Previous Work-Related Injury

Ms. Barbato began working for the U.S. Postal Service (USPS) in 1987 as a letter carrier. In 1991 she sustained back and neck injuries in an automobile accident while on the job.

Because of physical limitations resulting from this accident, Ms. Barbato accepted the position of "modified letter carrier" in 1997. In this new position Ms. Barbato did not actually carry mail but rather worked at the station answering telephones, helping at the window, issuing post office box keys, dealing with customer complaints, and performing other administrative duties.

---

[1](...continued)
the Tax Court Rules of Practice and Procedure. All monetary amounts are rounded to the nearest dollar.

[2]Sec. 104(a) (flush language).

**[*3]**    After the appointment of a new station manager in 2004, Ms. Barbato experienced turmoil at work.  The new manager reassigned Ms. Barbato to carrying mail.  After she returned to carrying mail, she began to have more pain. The new manager, as well as other supervisors, made work life difficult for Ms. Barbato by scrutinizing her work more closely than that of other employees, retaliating against her because she requested medical accommodations, and creating an overall hostile work environment for her.  Ms. Barbato experienced severe stress and emotional difficulties as a result.

## II.    Ms. Barbato's EEOC Complaints Against USPS

Ms. Barbato filed complaints against USPS with the Equal Employment Opportunity Commission (EEOC).  Ms. Barbato claimed that USPS had violated title VII of the Civil Rights Act of 1964, which makes it illegal for employers to discriminate against their employees or retaliate against them for filing discrimination complaints.[3]  She also claimed that USPS had violated section 501 of the Rehabilitation Act of 1973, which prohibits a Federal Government employer

---

[3]Civil Rights Act of 1964, Pub. L. No. 88-352, tit. VII, 78 Stat. at 253 (codified as amended at 42 U.S.C. secs. 2000e through 2000e-17 (2006)).

[*4] from discriminating against a qualified person with a disability or retaliating against her for filing a discrimination complaint.[4]

On January 7, 2011, EEOC Administrative Judge Larry A. Abrams issued a decision that Ms. Barbato was "entitled to non-pecuniary damages in the amount of $70,000.00, for the emotional distress which * * * [she] established was proximately caused by the discrimination" of USPS' employees against her. Judge Abrams' decision stated "that * * * [Ms. Barbato] suffered from depression, anxiety, sleep problems, and post-traumatic stress disorder, and that the conditions were either caused by and/or exacerbated by the actions which were found to be discriminatory". Ms. Barbato established that she was subject to harassment because of her disability and her prior requests for accommodation and that these actions "created an abusive working environment" for her.

However, Judge Abrams specifically found that Ms. Barbato's physical pain was not caused by USPS' discriminatory actions. He explained that "it is also clear that * * * [Ms. Barbato] experienced significant physical distress and pain as the result of actions which have not been found here to be discriminatory, and that * * * [her] conditions were exacerbated by non-discriminatory actions which

---

[4]Rehabilitation Act of 1973, Pub. L. No. 93-112, sec. 501, 87 Stat. at 390 (codified as amended at 29 U.S.C. sec. 791 (2006)).

[*5] occurred during the same time period that the discriminatory actions were also taking place." Indeed, Judge Abrams noted that "[h]ad all of the physical and emotional distress experienced by * * * [Ms. Barbato] been caused by * * * [USPS'] discriminatory actions, * * * [she] would have been entitled to $100,000.00 in non-pecuniary compensatory damages."

Pursuant to this decision, USPS paid Ms. Barbato $70,000 in damages in 2011.

### III. The Barbatos' 2011 Tax Return

Ms. Barbato and her husband, Michael Barbato, filed a joint Form 1040, U.S. Individual Income Tax Return, for 2011. USPS had issued Ms. Barbato a Form 1099-MISC, Miscellaneous Income, for 2011 for the $70,000 damage award and characterized it as "other income". The Barbatos did not report this award as taxable income on their return. Ms. Barbato believed that the $70,000 award for emotional distress was not taxable because her emotional distress was related to her previous physical injury.

### IV. Examination

The Commissioner examined the Barbatos' 2011 tax return and issued a notice of deficiency on May 13, 2013. In this notice the Commissioner increased the Barbatos' 2011 gross income by $70,000, the amount of the award from USPS,

**[*6]** added an accuracy-related penalty under section 6662 for a substantial

understatement of income tax, and made other computational adjustments.

V.      Tax Court Proceeding

The Barbatos timely petitioned from the notice while residing in Nevada.

The Commissioner conceded the section 6662 accuracy-related penalty at trial.

OPINION

We must decide whether the Barbatos can exclude from their 2011 gross

income the $70,000 award Ms. Barbato received from USPS.  To do so, we apply

the section 104 rules, which detail when damage awards can be excluded from

gross income.

I.      Burden of Proof

The Commissioner's determinations in the notice of deficiency are generally

presumed correct, and taxpayers bear the burden of proving otherwise.[5]  The

Barbatos do not dispute that Ms. Barbato received the income, but only whether it

is taxable.

---

[5]Rule 142(a); <u>Welch v. Helvering</u>, 290 U.S. 111, 115 (1933).

**[*7]** Gross income includes all income from whatever source derived unless there is a specific statutory exclusion or carveout in the Code.[6] Taxpayers must establish that they meet the requirements for any exclusion from gross income.[7]

II.    <u>Section 104(a)(2) Exclusion for Damages Received for Personal Physical Injury or Physical Sickness</u>

Section 104(a)(2) excludes from gross income damages taxpayers receive for personal physical injury or physical sickness. Because emotional distress is not considered a physical injury or physical sickness, taxpayers must include damages they receive for emotional distress in their gross income unless the damages are paid for medical care attributable to the emotional distress.[8] But "damages for emotional distress attributable to a physical injury or physical sickness are excluded from income under section 104(a)(2)."[9]

---

[6]Sec. 61(a); <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426, 431-432 (1955) (holding that all "accessions to wealth" must be included in gross income unless a specific exclusion applies).

[7]<u>Simpson v. Commissioner</u>, 141 T.C. 331, 338-339 (2013) (stating that "statutory exclusions, such as those provided in section 104, are to be narrowly construed" and "taxpayers generally bear the burden of proving that they fall squarely within the requirements for any exclusion from gross income").

[8]Sec. 104(a) (flush language).

[9]Sec. 1.104-1(c), Income Tax Regs.

**[\*8]** The EEOC decision is clear that the damages USPS paid to Ms. Barbato were for emotional distress attributable to discrimination, and consequently, the Barbatos must include the damage award in their gross income. The EEOC decision awarded Ms. Barbato $70,000 in damages for emotional distress that was "proximately caused by the discrimination" of USPS' employees and not for emotional distress attributable to a physical injury or physical sickness. The decision clearly states that Ms. Barbato's "significant physical distress and pain" "were exacerbated by non-discriminatory actions". Pointedly, Judge Abrams noted that "[h]ad all of the physical and emotional distress experienced by \* \* \* [Ms. Barbato] been caused by \* \* \* [USPS'] discriminatory actions, \* \* \* [she] would have been entitled to $100,000.00 in non-pecuniary compensatory damages." These statements make clear that the damages were for emotional distress attributable to discrimination. Consequently, the $70,000 cannot be excluded from gross income.

III.  Conclusion

Because Ms. Barbato received damages for emotional distress attributable to discrimination and not for a physical injury or physical sickness, these damages do

**[*9]** not fit within the exclusion provided in section 104(a)(2). Accordingly, the Barbatos must include this $70,000 award in their 2011 gross income.[10]

To reflect the foregoing,

> Decision will be entered for respondent as to the deficiency in tax and for petitioners as to the accuracy-related penalty under 6662(a).

---

[10]Damages are taxable upon receipt. See N. Am. Oil Consol. v. Burnet, 286 U.S. 417, 424 (1932).