T.C. Memo. 2018-82

UNITED STATES TAX COURT

JON K. PALSGAARD AND KIMBERLY A. KELLY, Petitioners v.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15293-16.                              Filed June 13, 2018.

Michael T. Wells, for petitioner.

David J. Warner and Willis B. Douglass, for respondent.

MEMORANDUM OPINION

LAUBER, Judge:  With respect to petitioners' Federal income tax for 2013,

the Internal Revenue Service (IRS or respondent) determined a deficiency of

$36,999 and an accuracy-related penalty of $7,165.  After concessions by both

[*2] parties,[1] the principal issue for decision is whether petitioners were required to report taxable Social Security disability benefits as gross income under section 86.[2] Answering this question in the affirmative, we will sustain the IRS' determination.

## Background

The parties have submitted this case for decision without trial under Rule 122. All relevant facts have been stipulated or are otherwise included in the record. See Rule 122(a). Petitioners resided in California when they filed their petition. All references to "petitioner" are to petitioner wife.

Petitioner had a successful medical practice in California until March 2009, when she suffered a physical injury that left her disabled within the meaning of section 72(m)(7). This injury resulted in a long-lasting physical impairment of in-

---

[1]On May 18, 2017, the parties filed a stipulation of settled issues. Petitioners conceded that they failed to report taxable distributions of $111,325 from a retirement plan and that they are not entitled to a claimed deduction for attorney's fees. Respondent conceded that petitioners are not liable for any accuracy-related penalty under section 6662(a).

[2]Unless otherwise indicated, all statutory references are to the Internal Revenue Code (Code) in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure. We round all monetary amounts to the nearest dollar.

[*3] definite duration that substantially interfered with her ability to engage in gainful employment. She retired from the practice of medicine shortly thereafter.

After retiring petitioner began receiving disability payments under a long-term disability policy with Life Insurance Company of North America (LINA). LINA ceased making such payments in 2012. Believing that LINA had violated the terms of her policy, petitioner filed suit against LINA in June 2013. That case was settled for an undisclosed amount in October 2013.

While her litigation against LINA was pending, petitioner applied to the Social Security Administration (SSA) for benefits under the Social Security Disability Insurance (SSDI) program. Unlike Supplemental Security Income benefits, which are based on need, SSDI benefits are generally based on work history and the amount of the beneficiary's prior contributions. See 42 U.S.C. secs. 402, 423(c)(1) (2012); 20 C.F.R. sec. 404.130 (2017). The SSA determined that petitioner was disabled and that she was entitled to SSDI benefits. Petitioner received SSDI benefits of $30,274 during 2013.

Petitioners timely filed Form 1040, U.S. Individual Income Tax Return, for 2013. On that return they reported Social Security benefits of $1,259, of which $1,070 was taxable as gross income under section 86(a). On April 4, 2016, respondent issued a timely notice of deficiency, determining that petitioner had also

**[*4]** received unreported SSDI benefits of $30,274, of which $25,733 was taxable as gross income. Petitioners timely petitioned this Court for redetermination, principally contending that the SSDI benefits were excludable from gross income under section 104.[3] On May 22, 2017, the parties submitted the case for decision without trial under Rule 122.

Discussion

A.    Burden of Proof

The IRS' determinations in a notice of deficiency are generally presumed correct, and taxpayers bear the burden of proving them erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933). Exclusions from gross income are construed narrowly. See Commissioner v. Schleier, 515 U.S. 323, 328 (1995). Taxpayers generally bear the burden of proving that they are entitled to an exclusion from gross income. See Simpson v. Commissioner, 141 T.C. 331, 338-339 (2013), aff'd, 668 F. App'x 241 (9th Cir. 2016); Barbato v. Commissioner, T.C. Memo. 2016-23, 111 T.C.M. (CCH) 1097, 1098 n.7. Petitioners do not contend that the burden of proof should shift to respondent under section 7491(a). In any

---

[3]Petitioners do not dispute that, if the SSDI payments are includible in gross income, the IRS correctly applied the statutory formula to compute the taxable amount as $25,733.

**[\*5]** event, the parties have agreed on all relevant facts, so the burden of proof is irrelevant. See, e.g., Nis Family Tr. v. Commissioner, 115 T.C. 523, 538 (2000).

B.     Analysis

Unless otherwise provided, gross income includes all income from whatever source derived. Sec. 61(a). Gross income specifically "includes social security benefits," in an amount determinable under a specified statutory formula. Sec. 86(a) and (b). Section 86(d)(1)(A) defines the term "social security benefit" to include "any amount received by the taxpayer by reason of entitlement to \* \* \* a monthly benefit under title II of the Social Security Act." SSDI benefits are paid monthly and have been paid under title II of the Social Security Act since 1956. See Social Security Amendments of 1956, Pub. L. No. 84-880, sec. 103(a), 70 Stat. at 815 (codified as amended at 42 U.S.C. sec. 423).

Petitioner initially contends that section 86 is inapplicable because she received SSDI benefits as opposed to regular Social Security benefits. As noted above, however, the Code explicitly includes SSDI benefits within the definition of a "social security benefit" because such payments constitute "a monthly benefit [received] under title II of the Social Security Act." Sec. 86(d)(1)(A); see Reimels v. Commissioner, 123 T.C. 245, 247 n.4 (2004), aff'd, 436 F.3d 344 (2d Cir. 2006); Robbins v. Commissioner, T.C. Memo. 2017-247, at \*7 ("Section 86 pro-

**[*6]** vides that Social Security benefits (including disability benefits) are includible in gross income to the extent set forth in that section."). Unless explicitly excluded by another Code provision, therefore, petitioner's SSDI benefits are taxable to the extent determined under section 86.[4]

Petitioner argues that her SSDI benefits are excluded from gross income by section 104(a), which covers certain amounts payable on account of physical injuries or sickness. By enacting section 86, Congress stated its clear intent that all forms of Social Security benefits are taxable to the extent set forth in that provision. See, e.g., Thomas v. Commissioner, T.C. Memo. 2001-120, 81 T.C.M. (CCH) 1653, 1654. We have never recognized an exception to that rule, and we will not do so here.

Petitioner first contends that her SSDI benefits are covered by section 104(a)(1), which excludes from gross income "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." Petitioner

---

[4]Before 1983 all forms of Social Security benefits were excluded from gross income by former section 105(d). See Rev. Rul. 70-217, 1970-1 C.B. 13. That year Congress passed the Social Security Amendments of 1983, Pub. L. No. 98-21, secs. 121, 122(b), 97 Stat. at 80, 87, which repealed section 105(d) and made all Social Security benefits taxable to the extent provided in section 86. See sec. 86(d); S. Rept. No. 98-23, at 26 (1983), 1983-2 C.B. 326, 328 ("Th[is] bill defines a 'social security benefit' as any amount received by the taxpayer by reason of entitlement to * * * a monthly benefit under title II of the Social Security Act (Federal Old-Age, Survivors, and Disability Insurance Benefits * * * )[.]").

**[*7]** received her benefits under the Social Security Act, not under any workmen's compensation law. A statute in the nature of workmen's compensation is one that "provides compensation to employees for personal injuries or sickness incurred in the course of employment." Sec. 1.104-1(b), Income Tax Regs. "A statute providing for payment of benefits that are not related to an injury incurred in the course of employment is not considered to be a statute in the nature of workmen's compensation." Green v. Commissioner, T.C. Memo. 2007-217, 94 T.C.M. (CCH) 134, 135; see Take v. Commissioner, 82 T.C. 630, 634 (1984) ("A statute is in the nature of a workmen's compensation act only if it allows disability payments solely for service-related personal injury or sickness."), aff'd, 804 F.2d 553 (9th Cir. 1986).

There is no evidence that petitioner suffered her injury in the course of her employment. Even if she had, the section 104(a)(1) exclusion does not cover benefits determined by reference to the employee's age, length of service, or prior contributions. Sewards v. Commissioner, 138 T.C. 320, 322 (2012), aff'd, 785 F.3d 1331 (9th Cir. 2015). SSDI payments do not depend on whether a disability occurred on the job, but instead are determined by the disabled person's contributions and length of service. See supra p. 3. SSDI payments therefore are not ex-

[*8] cludable from gross income as "workmen's compensation" within the meaning of section 104(a)(1). See Green, 94 T.C.M. (CCH) at 135.

Petitioner alternatively relies on section 104(a)(2), which excludes from gross income "the amount of any damages (other than punitive damages) received * * * on account of personal physical injuries or physical sickness." Respondent does not dispute that petitioner received her SSDI benefits on account of personal physical injuries or physical sickness. Rather, he contends that those benefits do not constitute "damages."

For purposes of section 104, "the term damages means an amount received (other than workers' compensation) through prosecution of a legal suit or action, or through a settlement agreement entered into in lieu of prosecution." Sec. 1.104-1(c)(1), Income Tax Regs. Petitioner did not receive her SSDI benefits by prosecution of a lawsuit or by settlement of litigation. To the contrary, she received those benefits under a Government-sponsored insurance program. As far as the record shows, there was no dispute whatever about her entitlement to such benefits. See Perez v. Commissioner, 144 T.C. 51 (2015) (finding section 104(a)(2) inapplicable to payment received for consensual performance of a service contract); Green v. Commissioner, T.C. Memo. 2008-139, 95 T.C.M. (CCH)

[*9] 1512, 1517-1518 (finding section 104(a)(2) inapplicable to disability retirement payments received as a benefit of Federal employment).

This case resembles Zardo v. Commissioner, T.C. Memo. 2011-7, 101 T.C.M. (CCH) 1020. The taxpayer there received disability retirement payments under his employer's pension plan and contended that these payments were excludable under section 104(a)(2). We rejected that contention, noting that the taxpayer had not sued or threatened to sue his employer for his workplace injury, so that the payments were not received "through a legal suit or a settlement." Id. at 1022. The same conclusion follows here. Petitioner did not file suit or enter into a litigation settlement but applied for and received benefits via the normal SSA administrative process. The only lawsuit she filed--against LINA, her insurance company--had nothing to do with her entitlement to SSDI benefits. Those benefits did not constitute "damages" within the meaning of section 104(a)(2).

Lastly, petitioner contends that her SSDI benefits are covered by section 104(a)(3), which excludes from gross income "amounts received through accident or health insurance (or through an arrangement having the effect of accident or health insurance)." Some privately funded programs that pay disability retirement benefits may constitute "health insurance" within the meaning of section 104(a)(3). See Tuka v. Commissioner, 120 T.C. 1, 3, aff'd, 85 F. App'x 875 (3d

**[*10]** Cir. 2003); <u>Trappey v. Commissioner</u>, 34 T.C. 407, 408 (1960). But the SSDI program is a Government-sponsored insurance plan that is a product of legislative enactment. "Congress did not intend that disability Social Security benefits could be construed as an accident or health plan * * * under section 104(a)(3)." <u>Thomas</u>, 81 T.C.M. (CCH) at 1654; <u>see</u> S. Rept. No. 98-23, at 26 (1983), 1983-2 C.B. 326, 328 (explaining that a "social security benefit" subject to taxation under section 86 includes any amount received by the taxpayer "by reason of entitlement to * * * a monthly benefit under title II of the Social Security Act (Federal Old-Age, Survivors, and Disability Insurance Benefits * * * )"). Accordingly, monthly payments received under the SSDI program are not excludable from gross income under section 104(a)(3).

To reflect the foregoing,

<u>Decision will be entered under</u>

<u>Rule 155</u>.