# United States Tax Court

T.C. Summary Opinion 2024-11

JON K. PALSGAARD AND KIMBERLY A. KELLY,
Petitioners

v.

COMMISSIONER OF INTERNAL REVENUE,
Respondent

————————

Docket No. 14225-22S.                              Filed July 1, 2024.

————————

Jon K. Palsgaard and Kimberly A. Kelly, pro sese.

*Tamila F. Bishop Frankel*, *Janice B. Geier*, and *Kara L. Davidson Duyck*, for respondent.

## SUMMARY OPINION

FRIED, *Special Trial Judge*: This case was heard pursuant to the provisions of section 7463[1] of the Internal Revenue Code in effect when the Petition was filed. Pursuant to section 7463(b), the decision to be entered is not reviewable by any other court, and this Opinion shall not be treated as precedent for any other case.

In a notice of deficiency (notice) dated March 14, 2022, respondent determined a deficiency in petitioners' 2019 federal income tax and a section 6662(a) accuracy-related penalty.

---

[1] Unless otherwise indicated, statutory references are to the Internal Revenue Code, Title 26 U.S.C., in effect at all relevant times, and Rule references are to the Tax Court Rules of Practice and Procedure.

After a concession,[2] the issue for decision is whether petitioners must include Social Security disability (SSD) benefits in gross income under section 86.

## *Background*

Some of the facts have been stipulated and are so found. When the Petition was filed, petitioners resided in California.

Kimberly A. Kelly (petitioner) worked as a practicing physician in California for Southern California Permanente Medical Group (Medical Group) until March 2009, when she suffered a physical injury that left her disabled within the meaning of section 72(m)(7).

In 2009 petitioner qualified for and began to receive benefits under a disability insurance policy that Medical Group provided for its employees. In accordance with the Medical Group disability policy, however, petitioner was obliged to apply for disability benefits with the Social Security Administration (SSA). She did so and began receiving SSD benefits in 2010. Petitioner received SSD benefits totaling $32,862 in 2019.

Petitioners filed a joint federal income tax return for 2019 reporting that petitioner had received SSD benefits of $3,214 for that year and took the position that only $2,732 of that amount was subject to federal income tax.

In the notice respondent determined that petitioners understated the amount of petitioner's SSD benefits that are subject to federal income tax. The income determination in the notice was based on an information return the SSA filed, Form SSA–1099, Social Security Benefit Statement, showing $32,862 of SSD payments made to petitioner in 2019.

## *Discussion*

### I. *Burden of Proof*

The Commissioner's determinations in a notice of deficiency are generally presumed correct, and the taxpayer bears the burden of proving error in the determinations. *See* Rule 142(a); *Welch v. Helvering*, 290 U.S. 111, 115 (1933). Petitioners do not contend, and the evidence

---

[2] Respondent concedes the section 6662(a) accuracy-related penalty.

does not establish, that the burden of proof should shift to the Commissioner under section 7491(a).

In cases involving unreported income, the Commissioner must establish an evidentiary foundation connecting the taxpayer with the income-producing activity or demonstrate that the taxpayer actually received income. *Walquist v. Commissioner*, 152 T.C. 61, 67 (2019). In this case there is no dispute that petitioner received the unreported income at issue. Respondent has provided a certified transcript stating that the Internal Revenue Service received Form SSA–1099 showing $32,862 of Social Security benefits paid to petitioner in 2019. At trial petitioners did not dispute that petitioner received the unreported SSD benefits. Respondent accordingly has established the requisite minimal evidentiary foundation linking petitioner and her activities with the unreported income. *See Alonim v. Commissioner*, T.C. Memo. 2010-190, 2010 WL 3397493, at *1.

II.    *Petitioner's SSD Benefits*

Unless otherwise provided, gross income includes all income from whatever source derived. § 61(a). Beginning with the taxable year 1984, Social Security benefits, including disability benefits, have been subject to federal income tax. *See* Social Security Amendments of 1983, Pub. L. No. 98-21, § 122(b), 97 Stat. 65, 87; *Roberts v. Commissioner*, T.C. Memo. 1998-172, *aff'd*, 182 F.3d 927 (9th Cir. 1999) (unpublished table decision).

Gross income specifically "includes social security benefits," in an amount determinable under a specified statutory formula. § 86(a) and (b). Section 86(d)(1)(A) defines the term "social security benefit" to include "any amount received by the taxpayer by reason of entitlement to . . . a monthly benefit under title II of the Social Security Act."

Petitioners primarily contend that petitioner's SSD benefits are not taxable pursuant to section 104(a)(2), which excludes from gross income "the amount of any damages (other than punitive damages) received . . . on account of personal physical injuries or physical sickness." Respondent does not dispute that petitioner received her SSD benefits on account of personal physical injuries or physical sickness. Rather, respondent contends that those benefits do not constitute "damages."

Petitioner did not receive her SSD benefits by prosecution of a lawsuit or by settlement of litigation. To the contrary, she received those

benefits under a Government-sponsored insurance program. Accordingly, those benefits do not constitute "damages" within the meaning of section 104(a)(2). *See Zardo v. Commissioner*, T.C. Memo. 2011-7, 2011 WL 80389, at \*2; *see also Palsgaard v. Commissioner*, T.C. Memo. 2018-82, at \*8–9.

Although the record is unclear, petitioners appear to further argue that petitioner's SSD benefits are not taxable because there was no constructive receipt of the SSD benefits by petitioner and that petitioner's SSD benefits are excluded from income under section 104(a)(1) and (3).

This case is not the first time petitioners have raised these arguments before this Court. In prior proceedings for other tax years we considered these same arguments and ultimately determined that petitioner's SSD benefits were taxable. *See Palsgaard*, T.C. Memo. 2018-82; Transcript of Bench Opinion, *Palsgaard v. Commissioner*, No. 2103-17S (Dec. 13, 2017). But for the years and amounts involved in the prior proceedings, the evidence parallels the evidence in this case. We could repeat the reasoning of the prior opinions here, but it is unlikely that we could improve upon it.

In reaching our decision, we have considered all arguments made, and to the extent not addressed herein, we find them to be moot, irrelevant, or without merit.

To reflect the foregoing,

*Decision will be entered for respondent with respect to the deficiency and for petitioners with respect to the section 6662(a) accuracy-related penalty.*