**FOR PUBLICATION**

# UNITED STATES COURT OF APPEALS
# FOR THE NINTH CIRCUIT

JAY AND FRANCES SEWARDS,
*Petitioners-Appellants*,

v.

COMMISSIONER OF INTERNAL
REVENUE,
*Respondent-Appellee.*

No. 12-72985

T.C. No.
24080-08

OPINION

Appeal from the United States Tax Court
Maurice B. Foley, Tax Court Judge, Presiding

Argued and Submitted
April 10, 2015—Pasadena, California

Filed May 12, 2015

Before: Barry G. Silverman and Carlos T. Bea, Circuit
Judges, and Gordon J. Quist, Senior District Judge.[*]

Opinion by Judge Quist

---

[*] The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

## SUMMARY[**]

### Tax

The panel affirmed the Tax Court's denial of a petition for redetermination of a 2006 federal income tax deficiency based on the failure to report disability retirement payments.

Income is excluded from taxation under 26 U.S.C. § 104(a)(1) if it is received under workmen's compensation acts as compensation for personal injuries or sickness. Taxpayer retired due to a service-connected disability and received a disability pension equal to one-half his previous salary.  Based on his years of service, he received an additional amount to bring his pension up to what he would have received as a service pension.  The panel held that this additional amount was taxable because it was paid not based on taxpayer's injuries, but based on his years of service.

### COUNSEL

Marshall W. Taylor (argued), Taylor, Simonson & Winter, LLP, Claremont, California, for Petitioner-Appellant.

Kathryn Keneally, Assistant Attorney General, Robert Metzler (argued), and Melissa Briggs, Tax Division, Department of Justice, Washington, D.C., for Respondent-Appellee.

---

[**] This summary constitutes no part of the opinion of the court.  It has been prepared by court staff for the convenience of the reader.

## OPINION

QUIST, Senior District Judge:

This case involves the taxation of retirement payments made to Jay Sewards, a former employee of the Los Angeles County Sheriff's Department. Like all County employees who retire with a service-connected disability, Sewards was entitled to receive a disability pension equal to one-half his previous salary. Because Sewards had completed 34 years of service, however, he received an additional amount to bring his pension up to what he would have received as a service pension. The question presented in this case is whether that additional amount is taxable under the Internal Revenue Code. Sewards argues that the entire amount of the retirement allowance may be excluded from taxation because it is a worker's compensation pension.[1] The Tax Court rejected Sewards's argument, concluding that the portion of Sewards's retirement allowance exceeding what he would have received solely based on disability is subject to taxation. Sewards now appeals that ruling. We have jurisdiction under 26 U.S.C. § 7482(a)(1), and we affirm the judgment of the Tax Court.

## I.

The Los Angeles County Employees Retirement Association (LACERA) manages retirement assets and payments for retired Los Angeles County employees. Los Angeles County employees who sustain service-connected

---

[1] Although the payments at issue were made to Jay Sewards, his wife is also a party to the case because they are joint taxpayers. For purposes of clarity, however, this Opinion will refer only to Mr. Sewards.

injuries may retire on account of a service-connected disability. Cal. Gov't Code § 31720. The California statute that governs payments for employees who retire with a service-connected disability provides:

> [The employee] shall receive an annual retirement allowance payable in monthly installments, equal to one-half of his final compensation. Notwithstanding any other provisions of this chapter, any member upon retirement for service-connected disability shall receive a current service pension or a current service pension combined with a prior service pension purchased by the contributions of the county or district sufficient which when added to the service retirement annuity will equal one-half of his final compensation, or, if qualified for a service retirement, he shall receive his service retirement allowance if such allowance is greater . . . .

Cal. Gov't Code § 31727.4. An individual's service retirement allowance is calculated using a statutory formula based on the individual's final salary, years of service, and age at retirement. Cal. Gov't Code § 31664.

Sewards worked for the Los Angeles County Sheriff's Department until November 29, 2000, when he was placed on involuntary medical disability leave due to service-connected injuries. While on disability leave, Sewards received his $14,093 per month salary. After exhausting his disability leave, Sewards applied for and received a service retirement allowance based on his 34 years of service. After it became

clear that his injuries were permanent, however, Sewards applied for and received a service-connected disability retirement allowance. Sewards received the amount of his service retirement allowance because it was greater than one-half his final salary.

In each year from 2001 through 2005, LACERA sent Sewards a Form 1099-R indicating that the taxable amount of his retirement allowance was not determined; as a result, Sewards paid no tax on the pension. In 2006, LACERA sent Sewards a 1099-R indicating that a portion of his retirement allowance was taxable. Sewards did not, however, report as taxable any of the income from his retirement allowance on his 2006 tax return. The IRS subsequently issued a notice of deficiency, and Sewards filed a petition with the Tax Court. The Tax Court, considering the petition on the basis of stipulated facts, held that the portion of Sewards's pension that exceeded one-half his final salary was taxable.

## II.

We review the Tax Court's interpretation of the Internal Revenue Code and its legal conclusions de novo. *Teruya Bros., Ltd. v. Comm'r*, 580 F.3d 1038, 1043 (9th Cir. 2009). The application of law to a stipulated factual record is also reviewed de novo. *Samueli v. Comm'r*, 661 F.3d 399, 407 (9th Cir. 2011).

## III.

### A.

Gross income includes "all income from whatever source derived." 26 U.S.C. § 61(a). "An accession to wealth . . . is

presumed to be taxable income, unless the taxpayer can demonstrate that it fits into one of the Tax Code's specific exemptions." *Hawkins v. United States*, 30 F.3d 1077, 1079 (9th Cir. 1994). Section 104(a)(1) of the Internal Revenue Code specifically excludes from taxation "amounts received under workmen's compensation acts as compensation for personal injuries or sickness." 26 U.S.C. § 104(a)(1). Treasury Regulation §1.104-1(b) provides:

> Section 104(a)(1) excludes from gross income amounts which are received by an employee under a workmen's compensation act . . . or under a statute in the nature of a workmen's compensation act which provides compensation to employees for personal injuries or sickness incurred in the course of employment. . . . However, section 104(a)(1) does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service, or the employee's prior contributions, even though the employee's retirement is occasioned by an occupational injury or sickness.

Treas. Reg. § 1.104-1(b).

The Commissioner agrees that the California statute authorizing Sewards's retirement allowance is in the nature of a workmen's compensation act. The Commissioner further agrees that the portion of Sewards's retirement allowance that represents one-half of Sewards's final salary is excludable from taxation as a service-connected disability payment. The Commissioner argues, however, that the amount that

represents the difference between one-half of Sewards's final salary and his service retirement allowance is subject to taxation pursuant to Treasury Regulation § 1.104-1(b). Sewards responds that the regulation does not apply to the payments at issue, and that if it does, the regulation exceeds the scope of the statute and is invalid.

## B.

There is no dispute that Sewards's retirement allowance is calculated with reference to his years of service. Sewards argues, however, that this fact does not bring the payments within the limitation in Treasury Regulation §1.104-1(b) because Sewards was eligible for retirement, and received any pension at all, solely because of his service-connected disability. The limitation in the regulation, he argues, applies only where an individual *qualified* for a retirement allowance based on years of service, rather than because of a service-connected disability. Under Sewards's reading of the regulation, a retiree may exclude the entire allowance pursuant to § 104(a) so long as he retired because of a service-connected disability, even if his retirement payments are calculated based on his age or years of service. On the other hand, the Commissioner argues that the limitation applies when an individual who retires with a service-connected disability receives an allowance amount that is at least in part based on his years of service.

Treasury Regulation §1.104-1(b) "limits the scope of § 104(a)(1)" by specifying that the workmen's compensation exclusion "does not apply to a retirement pension to the extent that it is determined by reference to the employee's age and length of service." *Picard v. Comm'r*, 165 F.3d 744, 745 (9th Cir. 1999) (internal quotation marks omitted). Thus,

whether retirement benefits "are excludable from gross income depends on whether the [the relevant statute] determines [the taxpayer's] benefits by reference to his length of service." *Id.*

As noted, Sewards argues that an individual's benefit is determined by age or length of service only when such factors are used to decide whether the individual qualifies for retirement, but not when such factors are used to calculate the amount of the benefit. In our judgment, however, Sewards's interpretation is not supported by the text of the regulation. Rather, the interpretation advocated by the Commissioner aligns with the most natural reading of the regulation.

Moreover, the interpretation advocated by the Commissioner in this case is consistent with the interpretation adopted by the IRS in Revenue Rulings issued over the last 40 years. In Revenue Ruling 72-44, the IRS examined a Louisiana statute that provided disability payments for firefighters injured in the line of duty. Rev. Rul. 72-44, 1972-1 C.B. 32. Like the California statute at issue in this case, the Louisiana statute provided for a firefighter to receive a disability pension equal to the greater of one-half his salary or the amount of his service pension. *Id.* The IRS concluded that an individual's payments were excludable from taxation only to the extent that they did not exceed one-half of the individual's salary. *Id.* The IRS examined a similar statute in Revenue Ruling 80-44 and reached the same conclusion. Rev. Rul. 80-44, 1980-1 C.B. 34.

The IRS's consistent interpretation of Treasury Regulation §1.104-1(b) through Revenue Rulings is entitled to deference. As the Supreme Court has explained:

> [Revenue] Rulings simply reflect the agency's longstanding interpretation of its own regulations. Because that interpretation is reasonable, it attracts substantial judicial deference. . . . Treasury regulations and interpretations long continued without substantial change, applying to unamended or substantially reenacted statutes, are deemed to have received congressional approval and have the effect of law.

*United States v. Cleveland Indians Baseball Co.*, 532 U.S. 200, 220 (2001) (internal citations and quotation marks omitted). The IRS's long-standing interpretation of Treasury Regulation §1.104-1(b) through Revenue Rulings is reasonable, and thus entitled to substantial deference.

Finally, the Tax Court cases that Sewards cites fail to demonstrate that the IRS's consistent interpretation of Treasury Regulation §1.104-1(b) is at odds with its text. Unlike the retirement payments at issue in this case, the payments in those cases were calculated without reference to the retirees' years of service. *Byrne v. Comm'r*, 84 T.C.M. 704 (2002) (concluding that disability payments calculated without reference to years of service were not taxable); *Givens v. Comm'r*, 90 T.C. 1145 (1988) (concluding that payments for on-the-job injuries labeled as "sick pay" qualified for exclusion). Thus, the decisions in those cases provide little insight into the issue presented here.

The text of Treasury Regulation §1.104-1(b) and the consistent interpretation of that text by the IRS demonstrate that it applies to retirement payments that are calculated with reference to an employee's age or length of service.

Accordingly, Sewards's argument that the payments at issue fall outside the limitation in that regulation fails.

**C.**

Sewards argues that, if Treasury Regulation §1.104-1(b) is interpreted  to apply to payments that are calculated with reference to an employee's age or length of service, it is invalid, because that reading is inconsistent with § 104(a)(1) and beyond the scope of the agency's rulemaking authority.

The Treasury Department has authority to issue "all needful rules and regulations for the enforcement of [the Internal Revenue Code.]."   26 U.S.C. § 7805(a).   To determine whether a Treasury regulation is valid, courts apply the two-step analysis announced in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842–43 (1984). *Mayo Found. for Med. Educ. & Research v. United States*, 562 U.S. 44, 52 (2011).   First, the court must determine "whether Congress has 'directly addressed the precise question at issue.'"   *Id.* (quoting *Chevron*, 467 U.S. at 842). If Congress has not done so, the court must determine whether the rule is "a 'reasonable interpretation' of the enacted text."   *Id.* at 58 (quoting *Chevron*, 467 U.S. at 844). An express congressional grant of authority to issue rules and regulations, like that found in 26 U.S.C. § 7805(a), is "'a very good indicator of delegation meriting *Chevron* treatment.'" *Id.* at 57 (quoting *United States v. Mead Corp.*, 533 U.S. 218, 229 (2001)).

Section 104(a)(1) provides that workmen's compensation payments for injury or sickness are excludable, but leaves open the question of how to determine whether a payment is made for injury or sickness, as opposed to some other reason.

Thus, Congress has not directly addressed the precise question at issue—namely, the tax treatment of payments that, while triggered by work-related injury or sickness, are calculated based on years of service. Accordingly, the first step of the *Chevron* analysis is satisfied.[2]

Treasury Regulation § 1.104-1(b) is a reasonable interpretation of § 104(a)(1). As the Sixth Circuit explained: "Section 104(a)(1) is designed to exclude disability payments, not pension payments, from income. Treas. Reg. § 1.104(b) [the prior version of Treasury Regulation § 1.104-1(b)] simply identifies what is a pension payment and distinguishes it from a disability payment." *Wiedmaier v. Comm'r*, 774 F.2d 109, 111 (6th Cir. 1985). The regulation does not, as Sewards argues, create a subclass of disability pension recipients. Rather, the regulation simply clarifies when a payment is made for personal injuries or sickness, and when

---

[2] Our court's decision in *Take v. Comm'r*, 804 F.2d 553 (9th Cir. 1986) (Kennedy, J.), does not bar us from concluding that the statute is ambiguous as to the tax treatment of those payments which, though under a workmen's compensation statute, are not calculated by reference to the extent of the worker's disability. In *Take*, we held that the disability pension statute of Anchorage, Alaska, which established an irrebuttable presumption that "heart, lung, and respiratory system illnesses" suffered by firefighters would be presumed to be occupational disabilities, was not a workmen's compensation act. *Id.* at 555. We explained that "[s]tatutes that do not restrict the payment of benefits to *cases* of work-related injury or sickness are not considered to be 'workmen's compensation acts' under section 104." *Id.* at 557 (emphasis added). Thus, *Take* holds that for a statute to count as a workmen's compensation act, every worker paid pursuant to that statute must have suffered a disability. *Take* does *not* hold, however, that every dollar paid to those workers must have been paid on account of that disability. Sewards's argument to the contrary is incorrect.

it is made for some other reason, such as years of service. Accordingly, the regulation is consistent with the statute.

In short, the question of how to differentiate between payments made to a employee as compensation for a workplace injury from those made for some other purpose is not answered by § 104(a)(1). Because the Treasury Department's rule is a reasonable interpretation of that statute, it is within the scope of the agency's delegated authority.

**IV.**

"[T]he fundamental question in determining whether benefits are excludable under § 104(a) is upon what basis were the retirement payments in question paid?" *Picard*, 165 F.3d at 746 (internal quotation marks omitted). Like any other County employee who retired with a service-connected disability, Sewards was entitled to receive one-half his final salary based on his injuries. That amount was excludable. Because Sewards had completed 34 years of service, however, he received additional amounts so that, in accordance with the state statute, his service-connected disability pension was the same as what he would have received as a service pension. Those additional amounts were paid not based on his injuries, but based on his years of service, and thus were not excludable.

For the foregoing reasons, the Tax Court's decision is **AFFIRMED**.