**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

JUN 05 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS G. CAMPBELL,<br><br>    Plaintiff - Appellant,<br> v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant - Appellee. | No. 13-55442<br><br>D.C. No. 2:11-cv-09944-RSWL-JC |

Appeals from the United States District Court
for the Central District of California
Ronald S.W. Lew, Senior District Judge, Presiding

| | |
|---|---|
| MARTIN SCOTT, husband and<br>MARGARET SCOTT, wife,<br><br>    Plaintiffs - Appellants,<br> v.<br><br>INTERNAL REVENUE SERVICE<br>COMMISSIONER,<br>    Defendant,<br> and<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant - Appellee. | No. 13-55712<br><br>D.C. No. 2:12-cv-00389-ODW-RZ<br><br><br>MEMORANDUM[*] |

Otis D. Wright, II, District Judge, Presiding

_____

  [*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

| STEVEN D. WYMAN and LAUREL A. WYMAN,<br><br>    Plaintiffs - Appellants,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>    Defendant - Appellee. | No. 13-55990<br><br>D.C. No. 5:12-cv-01266-VAP-SP |
| --- | --- |

Appeals from the United States District Court
for the Central District of California

Virginia A. Phillips, District Judge, Presiding

Argued and Submitted April 10, 2015
Pasadena, California

Before:    SILVERMAN and BEA, Circuit Judges and QUIST,[**] Senior District Judge.

The plaintiffs in these consolidated appeals are retired Los Angeles County firefighters who have service-connected disabilities. The plaintiffs each filed a separate action in district court seeking a tax refund, and the district court granted summary judgment to the Government in each of the cases. We exercise jurisdiction under 28 U.S.C. § 1291, we review the district courts' conclusions of

---

[**]    The Honorable Gordon J. Quist, Senior District Judge for the U.S. District Court for the Western District of Michigan, sitting by designation.

2

law de novo, *see Nakano v. United States*, 742 F.3d 1208, 1210 (9th Cir. 2014), and we affirm.

1.      A Los Angeles County employee who retires with a service-connected disability is entitled to receive a pension equal to half the employee's final salary. Cal. Gov't Code § 31727.4.  If the employee qualifies for a service pension in an amount greater than half the employee's final salary, however, the employee receives the service pension amount. *Id.*  Each of the plaintiffs received a pension equal to the amount of his service pension, which was calculated based on years of service.

2.      Section 104(a)(1) of the Internal Revenue Code specifically excludes from taxation "amounts received under workmen's compensation acts as compensation for personal injuries or sickness."  26 U.S.C. § 104(a)(1).  Treasury Regulation §1.104-1(b) provides that "section 104(a)(1) does not apply to a retirement pension or annuity to the extent that it is determined by reference to the employee's age or length of service . . . even though the employee's retirement is occasioned by an occupational injury or sickness."  Treas. Reg. § 1.104-1(b).  The portion of each of the plaintiff's pensions that exceeds half his final salary is determined by reference to his length of service, and thus not excludable pursuant

3

to Treasury Regulation §1.104-1(b). *See Sewards v. Comm'r*, -- F. 3d --, No. 12-72905, 2015 WL 2214705, at *5 (9th Cir. May 12, 2015).

3.      The plaintiffs argue that the IRS lacked authority to issue Treasury Regulation §1.104-1(b), and it is thus invalid. The Treasury Department has authority to issue "all needful rules and regulations for the enforcement of [the Internal Revenue Code.]." 26 U.S.C. § 7805(a). To determine whether a Treasury regulation issued under that grant of authority is valid, courts apply the analysis announced in *Chevron, U.S.A., Inc. v. Natural Res. Def. Council, Inc.*, 467 U.S. 837, 842-43 (1984). *Mayo Found. for Med. Educ. & Research v. United States*, 562 U.S. 44, 52 (2011). That analysis is satisfied here because § 104(a)(1) does not directly address the precise question at issue and the regulation is a reasonable interpretation of § 104(a)(1). *See Sewards*, 2015 WL 2214705, at *5.

4.      The plaintiffs' argument that Supreme Court precedent prohibits applying *Chevron* deference in this case is unavailing. The IRS has not interpreted § 104(a)(1) in an inconsistent manner, nor has the Supreme Court interpreted that statute in a way that conflicts with Treasury Regulation § 1.104-1(b). Accordingly, the cases that the plaintiffs cite are inapposite. *See United States v. Home Concrete & Supply, LLC*, 132 S. Ct. 1836 (2012); *Rowan Companies v. United States*, 452 U.S. 247 (1981).

**5.** Finally, the IRS is not bound to treat the entirety of Campbell's and Wyman's pensions as excludable simply because it did so previously. Because there are no court decisions addressing whether those pensions are taxable, the law of the case doctrine is not applicable. *See United States v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000). Nor does the doctrine of equitable estoppel apply in this case, as Campbell and Wyman have failed to demonstrate that the IRS engaged in affirmative misconduct or that they were injured by the IRS's conduct. *See Baccei v. United States*, 632 F.3d 1140, 1147 (9th Cir. 2011) (listing elements of an equitable estoppel claim).

**AFFIRMED.**