T.C. Memo. 2017-33

UNITED STATES TAX COURT

ELIAS OLSON AND ROSALINDA OLSON, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 21863-14L.                   Filed February 13, 2017.

Elias Olson and Rosalinda Olson, pro sese.

<u>Christopher J. Richmond</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  The issues for decision are whether petitioners may
exclude from income California State Teachers' Retirement System (CalSTRS)
payments to Rosalinda Olson and whether respondent abused his discretion in
sustaining notices of Federal tax lien (NFTLs) relating to petitioners' unpaid tax

[*2] liabilities.  The parties submitted this case fully stipulated pursuant to Rule 122.[1]

Background

In 1972 Mrs. Olson began teaching elementary school in California.  On or around August 24, 2000, she injured her elbow moving classroom furniture.  From August 26, 2000, until her 60th birthday in 2009, Mrs. Olson received disability payments from CalSTRS relating to a service-connected disability.[2]  When Mrs. Olson reached the normal retirement age of 60, see Cal. Educ. Code sec. 22148 (West 2002), her disability payments were terminated, and shortly thereafter she began receiving service retirement benefits, see id. sec. 24213(a).  Mrs. Olson's service retirement payments were made pursuant to Cal. Educ. Code sec. 24202 (West 2002) and were calculated by reference to her age and years of service.  The Olsons reported on their Forms 1040, U.S. Individual Income Tax Return, relating to 2009, 2010, and 2011 that the service retirement payments were taxable.  They

_____

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and Procedure.

[2]Mrs. Olson received disability payments pursuant to Disability Coverage A, which is available to employees who became CalSTRS members before October 16, 1992, and did not elect Coverage B before April 1993.  All other CalSTRS members may receive benefits pursuant to Disability Coverage B.

[*3] reported balances due relating to 2009, 2010, and 2011 but did not remit payment with respect to those years.

On September 4, 2012, respondent issued petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 relating to 2009 and 2010, and on February 7, 2013, he issued petitioners a Notice of Federal Tax Lien Filing and Your Right to a Hearing Under IRC 6320 relating to 2011. The Olsons timely filed a Form 12153, Request for a Collection Due Process or Equivalent Hearing. At the August 1, 2013, collection due process (CDP) hearing the Olsons contended that the CalSTRS service retirement payments are exempt from tax and requested a Form 656, Offer in Compromise (OIC). Petitioners' OIC was received on December 10, 2013. Respondent, on March 17, 2014, advised the Olsons that their OIC would be rejected because they had continued to accrue unpaid Federal income tax liabilities. The Olsons subsequently withdrew their OIC and on or about April 25, 2014, submitted a proposed installment agreement in which they offered to pay $95,000. Respondent rejected the proposal because it did not include all of the Olsons' Federal tax liabilities and on August 13, 2014, issued the Olsons a notice of determination upholding the NFTLs. On September 15, 2014, the Olsons, while residing in California, timely filed their petition with the Court.

**[*4]**                              <u>Discussion</u>

We review petitioners' underlying tax liabilities de novo because they did

not receive a notice of deficiency or otherwise have an opportunity to dispute their

tax liabilities.[3]  <u>See</u> sec. 6330(c)(2)(B); <u>Montgomery v. Commissioner</u>, 122 T.C. 1,

8-9 (2004).  Section 104(a)(1) and the regulations thereunder provide that

retirement payments are excludable from gross income if they are received

pursuant to a workmen's compensation act or a statute in the nature of a

workmen's compensation act.  <u>See</u> <u>Sewards v. Commissioner</u>, 138 T.C. 320, 322

(2012), <u>aff'd</u>, 785 F.3d 1331 (9th Cir. 2015); sec. 1.104-1(b), Income Tax Regs.

Section 104 does not apply, however, to the extent that payments are determined

by reference to the employee's age or length of service or the employee's prior

contributions, even if the employee's retirement is occasioned by occupational

injury.  <u>See</u> <u>Sewards v. Commissioner</u>, 138 T.C. at 323; sec. 1.104-1(b), Income

Tax Regs.  Pursuant to Cal. Educ. Code sec. 24202, Mrs. Olson's service

retirement payments were determined by reference to her age and length of

service.  Accordingly, her service retirement payments were not excludable from

--------

[3]When a taxpayer's underlying tax liability is properly at issue, the Court reviews the underlying tax liability de novo and all other administrative determinations for abuse of discretion.  <u>See</u> <u>LG Kendrick, LLC v. Commissioner</u>, 146 T.C. 17, 26 (2016).

**[\*5]** income.  See sec. 104(a)(1); Sewards v. Commissioner, 138 T.C. at 322; sec. 1.104-1(b), Income Tax Regs.

Petitioners further contend that respondent abused his discretion by not accepting either their OIC or their proposed installment agreement.  The Appeals officer reviewed the information petitioners submitted, evaluated their contentions, and verified that the requirements of applicable law and administrative procedure had been met.  See sec. 6330(c).  After reviewing petitioners' history of failing to pay tax liabilities, respondent reasonably determined that the NFTLs were the most efficient means of collecting petitioners' unpaid tax.  See id.  In short, respondent's determination to sustain the NFTLs was not arbitrary or capricious.  See Goza v. Commissioner, 114 T.C. 176, 182 (2000); Woodral v. Commissioner, 112 T.C. 19, 23 (1999).

Contentions we have not addressed are irrelevant, moot, or meritless.

To reflect the foregoing,

Decision will be entered

for respondent.