FILED

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| DANA D. MESSINA; NANCY G. MESSINA, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No.  18-70186 <br><br> Tax Ct. No. 25510-15 <br><br> MEMORANDUM[*] |
| KYLE R. KIRKLAND; STEPHANIE LAYNE, <br><br> Petitioners-Appellants, <br><br> v. <br><br> COMMISSIONER OF INTERNAL REVENUE, <br><br> Respondent-Appellee. | No.  18-70187 <br><br> Tax Ct. No. 25567-15 |

Appeals from a Decision of the
United States Tax Court

---

[*]        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Argued and Submitted November 13, 2019
San Francisco, California

Before:  THOMAS, Chief Judge, and TASHIMA and WARDLAW, Circuit Judges.

Dana Messina, Nancy Messina, Kyle Kirkland, and Stephanie Layne (collectively, the "Taxpayers"), appeal the Tax Court's decision affirming deficiencies that the Commissioner of Internal Revenue (the "Commissioner") identified in the tax returns that each couple jointly filed for the 2012 tax year.  We have jurisdiction pursuant to 26 U.S.C. § 7482(a)(1), and we affirm.

We review de novo "the Tax Court's interpretation of the Internal Revenue Code and its legal conclusions" as well as its "application of law to a stipulated factual record."  *Sewards v. Comm'r*, 785 F.3d 1331, 1334 (9th Cir. 2015).  We review for clear error any "factual inferences drawn from a stipulated record."  *Teruya Bros., Ltd. v. Comm'r*, 580 F.3d 1038, 1043 (9th Cir. 2009).

I

The Tax Court correctly concluded that Taxpayers, in calculating Kirkland and Messina's debt basis in Club One Acquisition Corp. ("Club One"), improperly relied on a debt that Club One owed KMGI, Inc. ("KMGI"), another S corporation owned by Kirkland and Messina.  The Internal Revenue Code, 26 U.S.C. § 1 et

seq., by its plain terms, limits the debt basis that a shareholder may claim in an S corporation to "any indebtedness of the corporation to the shareholder." 26 U.S.C. § 1366(d)(1)(B). An S corporation's indebtedness to another entity, even one wholly owned by the shareholder, does not increase the amount of pass-through deductions the shareholder can claim. Because the relevant debt runs to a related entity, but not Kirkland and Messina themselves, it does not increase the debt basis that Taxpayers may claim in Club One.

## II

Taxpayers argue that Club One's debt runs directly to them in *substance*, if not in form and, therefore, that we should disregard the form. We have not held that the "substance over form" doctrine is available to a taxpayer as well as the government. Indeed, we have previously rejected the notion that the taxpayer can "escape the tax consequences of a business arrangement which he made upon the asserted ground that the arrangement was fictional." *Maletis v. United States*, 200 F.2d 97, 98 (9th Cir. 1952) (quoting *Love v. United States*, 96 F. Supp. 919, 921 (Ct. Cl. 1951)).

Nonetheless, even assuming, *arguendo*, that the doctrine is available to the Taxpayers, it does not assist them here. As the Tax Court properly held, the form of the loan acquisition in this case "corresponds to its substance" and should

3

therefore "be respected for Federal tax purposes as it was implemented." *Messina v. Comm'r*, T.C. Memo. 2017-213, 2017 WL 4973291, at \*16 (2017).

KMGI's purchase of the third-party loan directly, rather than through Kirkland and Messina, was motivated by a number of non-tax business and regulatory considerations. In all circumstances *except* their tax returns, Taxpayers treated KMGI as an independent entity that was to acquire the third-party loan and serve as Club One's creditor. They reaped several benefits from doing so, including avoidance of a foreclosure on the casino that they co-own through Club One and a call on the personal guaranties that they signed in connection with the third-party loan. In addition, KMGI served business functions, including: being able to apply for the Gambling Commission's permission to acquire the loan; purchasing the loan from the third party potentially to maintain the loan's seniority to Club One's other obligations; receiving loan payments from Club One; and returning capital contributions to Kirkland and Messina. Thus, even if the "substance over form" doctrine were available to Taxpayers, it does not alter the outcome here

For similar reasons, Taxpayers' other arguments are not persuasive. No court has adopted their "economic outlay" theory, and it does not apply to the facts of this case. The "step transaction" doctrine, *see Brown v. United States*, 329 F.3d

664, 671–72 (9th Cir. 2003), does not apply because it rests on the unsupported premise that KMGI was a mere conduit with no business purpose or other activities other than maintaining a bank account.

III

In sum, absent a basis in Club One that equals or exceeds their claimed deductions, Taxpayers fail to satisfy their "burden of clearly showing" that they are entitled to those deductions, *Stahl v. United States*, 626 F.3d 520, 522 (9th Cir. 2010) (internal citation omitted); *see also* 26 U.S.C. § 1366(d)(1) (limiting pass-through deductions that shareholder may claim to "shareholder's basis in stock and debt"). Accordingly, the Tax Court correctly concluded that the deficiencies assessed by the Commissioner were proper.

**AFFIRMED.**