T.C. Memo. 2021-98

UNITED STATES TAX COURT

CHRISTIAN D. SILVER, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 8805-18.                    Filed August 9, 2021.

Christian D. Silver, pro se.

<u>Christopher J. Richmond</u> and <u>Sarah A. Herson</u>, for respondent.

MEMORANDUM FINDINGS OF FACT AND OPINION

COPELAND, <u>Judge</u>:  In a notice of deficiency dated February 14, 2018, respondent, the Commissioner of Internal Revenue, determined an income tax deficiency of $3,640, a section 6662(a)[1] penalty of $728, and a section 6651(a)(2)

_____

[1]All section references are to the Internal Revenue Code in effect at all relevant times, and all Rule references are to the Tax Court Rules of Practice and

**[\*2]** addition to tax of $910 for tax year 2012.  On May 7, 2018, petitioner,

Christian Silver, timely filed a petition in this Court disputing the notice of

deficiency.[2]  At trial an oral motion requesting that we impose a penalty pursuant

to section 6673 against Mr. Silver was made.

After concessions,[3] the two issues remaining for decision are:  (1) whether

Mr. Silver received unreported income as the Commissioner determined for tax

year 2012 and (2) whether we should impose a section 6673 penalty.

FINDINGS OF FACT

Some of the facts were deemed admitted under Rule 90(e) or deemed

stipulated under Rule 91(f) and are so found.[4]  The deemed admissions, stipulated

---

Procedure, unless otherwise indicated.  All monetary amounts are rounded to the
nearest dollar.

[2]Mr. Silver also disputed notices of deficiency for tax years 1984 through
2011 and 2013 through 2017 and notices of determination concerning collection
action for tax years 1984 through 2017.  Because the Commissioner had not issued
those notices, we dismissed for lack of jurisdiction the petition as to those notices
and tax years.

[3]The Commissioner conceded the sec. 6662(a) penalty and sec. 6651(a)(2)
addition to tax in his pretrial memorandum filed on November 4, 2019.

[4]The Commissioner, pursuant to Rule 90, filed a first request for admissions
asking Mr. Silver to admit that he was paid by each of the 12 businesses that
reported to the Internal Revenue Service doing so in 2012; Mr. Silver responded by
advancing several frivolous arguments.  In response to the Commissioner's motion
to review the sufficiency of answers or objections to requests for admissions, by
order dated October 8, 2019, this Court deemed those 12 payments to have been

[*3] facts, and attached exhibits are incorporated into our findings by this reference. Mr. Silver resided in California when his petition was filed.

Mr. Silver worked for 12 businesses throughout tax year 2012. Eleven of these businesses reported Mr. Silver's wages on Forms W-2, Wage and Tax Statement, and one business reported a payment as "Other Income" on Form 1099-MISC, Miscellaneous Income. In total Mr. Silver received $28,155 in wages and $5,000 as other income in tax year 2012.

Mr. Silver untimely filed Form 1040, U.S. Individual Income Tax Return, for tax year 2012 on March 27, 2016. His return reported no gross income and no tax liability.[5] Attached to Mr. Silver's 2012 tax return were 11 Forms 4852, Substitute for Form W-2, Wage and Tax Statement, or Form 1099-R, Distribution From Pensions, Annuities, Retirement or Profit-Sharing Plans, IRAs, Insurance Contracts, etc., and one corrected Form 1099-MISC. On each Form 4852 he claimed his employer paid him "0.00" as wages for tax year 2012 and withheld Social Security tax and Medicare tax. On the "corrected" Form 1099-MISC he

---

paid to Mr. Silver in tax year 2012. The Commissioner likewise filed a motion pursuant to Rule 91(f) with the intention of having certain facts and evidence deemed established. Mr. Silver again advanced frivolous arguments in response. Thus, on November 15, 2019, we deemed established the Commissioner's proposed stipulation of facts and evidence.

[5]None of the 12 businesses that paid Mr. Silver during tax year 2012 withheld Federal or State income tax.

**[*4]** included the following statement at the bottom, which was signed and dated the same day as the Form 1040:

> This corrected form 1099-MISC is submitted to rebut a document known to have been submitted by the party identified as "PAYOR" which erroneously alleges payment to the party identified as "Recipient" of "gains, profit, or income" made in the course of a "trade or business" within the meaning of relevant law.

On February 14, 2018, the Commissioner issued a notice of deficiency to Mr. Silver which led him to file a petition with this Court.

OPINION

I.   Burden of Proof

Generally, the Internal Revenue Service's (IRS') determinations are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a); Welch v. Helvering, 290 U.S. 111, 115 (1933); Worsham v. Commissioner, T.C. Memo. 2012-219, 2012 WL 3101491, at *3, aff'd, 531 F. App'x 310 (4th Cir. 2013). However, Mr. Silver's deficiency involves unreported income. In the Court of Appeals for the Ninth Circuit, the circuit in which an appeal in this case would normally lie, see sec. 7482(b), a deficiency determination involving unreported income is not entitled to the presumption of correctness unless the IRS can provide "some evidentiary foundation linking the taxpayer to the alleged income-producing activity," Weimerskirch v. Commissioner, 596 F.2d 358, 362 (9th Cir. 1979), rev'g 67

**[\*5]** T.C. 672 (1977); see also Petzoldt v. Commissioner, 92 T.C. 661, 689 (1989). Once the government has carried this initial burden of introducing some substantive evidence linking the taxpayer with income-producing activity, the taxpayer has the burden to rebut the presumption of correctness of the deficiency determination by establishing, by a preponderance of the evidence, that the deficiency determination is arbitrary or erroneous.  Petzoldt v. Commissioner, 92 T.C. at 689; see also secs. 6201(d), 7491(a).

To satisfy this minimal factual burden the Commissioner introduced into evidence a computer-generated "Wage and Income Transcript" showing data from Forms W-2 issued by Mr. Silver's 11 employers and Form 1099-MISC issued by the one business which paid him other income.  Mr. Silver has not denied that he received those wages and that income; he simply argued that his income is not taxable.  The Commissioner has linked Mr. Silver to income-producing activities; thus, the burden of showing error lies with Mr. Silver.  See, e.g., Hendrickson v. Commissioner, T.C. Memo. 2019-10, at \*18-\*19, aff'd, 125 A.F.T.R.2d 2020-2185 (6th Cir. Apr. 2, 2020); Canzoni v. Commissioner, T.C. Memo. 2018-130, at \*7-\*8; Oman v. Commissioner, T.C. Memo. 2010-276, 2010 WL 5209360, at \*4-\*5.

[*6] II.      Mr. Silver's Deficiency Based on Unreported Income

Gross income includes "all income from whatever source derived." Sec. 61(a). The Supreme Court has consistently held that gross income "was used by Congress to exert in this field 'the full measure of its taxing power.'" Commissioner v. Glenshaw Glass Co., 348 U.S. 426, 429 (1955) (quoting Helvering v. Clifford, 309 U.S. 331, 334 (1940)). Payments that are "undeniable accessions to wealth, clearly realized, and over which the taxpayers have complete dominion" are taxable income unless an exclusion applies. Id. at 431; see Sewards v. Commissioner, 785 F.3d 1331, 1334 (9th Cir. 2015) (citing Hawkins v. United States, 30 F.3d 1077, 1079 (9th Cir. 1994)), aff'g 138 T.C. 320 (2012). Wages are considered to be an accession to wealth and thus are includible in gross income; they are the very paradigm of income. See Commissioner v. Dunkin, 500 F.3d 1065, 1069 (9th Cir. 2007), rev'g 124 T.C. 180 (2005). Therefore, the $28,155 in wages that Mr. Silver received in tax year 2012 should have been included in his gross income for that tax year.

As mentioned supra, Mr. Silver also does not deny receiving $5,000 reported to the Commissioner as "Other Income." Thus, the $5,000 payment should also have been included in Mr. Silver's gross income for tax year 2012. See sec. 61(a)(1).

**[\*7]**   During the course of this case Mr. Silver has filed numerous documents asserting common tax-protester arguments, such as:  (1) he is not a taxpayer within the meaning of section 7701(a)(14), which defines a taxpayer as "any person subject to any internal revenue tax"; (2) he did not receive taxable compensation in tax year 2012 but rather exchanged his labor and services for remuneration paid to him; (3) his wages are not taxable because they were paid by a private sector employer; (4) only wages paid by a public sector employer to a public sector employee are taxable; (5) the Internal Revenue Service is attempting to apply a direct tax without apportionment in violation of the United States Constitution; and (6) he is not a United States citizen, but rather a "private American citizen within the States of the Union."

Mr. Silver's contentions are of the type that we have repeatedly addressed and rejected as groundless and frivolous.  See, e.g., Wnuck v. Commissioner, 136 T.C. 498 (2011); Waltner v. Commissioner, T.C. Memo. 2014-35, aff'd, 659 F. App'x 440 (9th Cir. 2016).  We will not refute his arguments with somber reasoning and copious citation of precedent because to do so might suggest that these arguments have some colorable merit.  See Crain v. Commissioner, 737 F.2d 1417, 1417 (5th Cir. 1984).

The payments that Mr. Silver received in tax year 2012 represent a clear accession to wealth.  Mr. Silver has made only frivolous arguments and thus has

[*8] not shown that these payments are not taxable. Consequently, we hold that the $28,155 in wages and $5,000 in "Other Income" that Mr. Silver received in tax year 2012 are all taxable under section 61(a).

III.     Section 6673 Penalty

At trial the Commissioner made an oral motion for a section 6673 penalty to be applied here. Section 6673(a)(1) allows the Court to impose a penalty not to exceed $25,000 when it appears that a taxpayer's position is frivolous or groundless. Whether to impose a section 6673 penalty is entirely within our discretion. See sec. 6673(a). Aside from this case, Mr. Silver has filed two other petitions with this Court.[6] In neither case was he warned that a penalty under section 6673 might be imposed on him; further, the penalty request here was not advanced until the time of trial. Thus, we decline to impose a section 6673 penalty upon Mr. Silver at this time, but we warn him that if he continues to advance the same positions in the future it is likely that a section 6673 penalty may be imposed.

IV.     Conclusion

For the foregoing reasons, we will sustain the Commissioner's $3,640 income tax deficiency determination for tax year 2012; however, we will not impose a section 6673 penalty and, on the basis of the Commissioner's

---

[6]The case at docket No. 20396-19 was dismissed for lack of jurisdiction because Mr. Silver did not timely file his petition. The case at docket No. 3372-20L is currently pending before this Court.

**[*9]** concessions, we will not impose a penalty under section 6662(a) or an addition to tax under section 6651(a)(2).

In reaching our holding herein, we have considered all arguments made, and to the extent not addressed herein, we find them to be moot, irrelevant, or without merit.

<u>An appropriate order and decision will be entered</u>.